UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | |
|---|---|
| **BERKLEY NATIONAL INSURANCE COMPANY,** § § § | |
| *Plaintiff*, § § | |
| v. § § | CIVIL ACTION NO. 7:23-cv-00059 |
| **DAVID TANNER, JOSEPH PICKLE, MARK HARRIS, CURTIS DECKER, and LIBERTY OILFIELD SERVICES LLC,** § § § § § | |
| *Defendants*. § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

Berkley National Insurance Company ("BNIC") files this Original Complaint for Declaratory Judgment pursuant to the Declaratory Judgments Act, 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, naming as defendants David Tanner, Joseph Pickle, Mark Harris, Curtis Decker, and Liberty Oilfield Services LLC.

### I.    PARTIES

1.    BNIC is a corporation which is both domiciled and has its principal place of business in Iowa.

2.    Defendant David Tanner is an individual residing in Pope County, Arkansas. Mr. Tanner may be served at 543 Carothers Lane, Russellville, Arkansas 72802, or wherever he may be located.

3.    Defendant Joseph Pickle is an individual residing in Coryell County, Texas. Mr. Pickle may be served at 104 Jerry Street, Gatesville, Texas 76528, or wherever he may be located.

4.    Defendant Mark Harris is an individual residing in Forrest County, Mississippi. Mr.

Harris may be served at 128 Deer Run Road Hattiesburg, Mississippi 39402, or wherever he may be located.

5. Defendant Curtis Decker is an individual residing in Washington County, Arkansas. Mr. Decker may be served at 132 Alexandria Loop, Elkins, Arkansas 72727, or wherever he may be located. Defendants Tanner, Pickle, Harris, and Decker are also referred to as "Claimant Defendants."

6. Liberty Oilfield Services LLC ("Liberty Oilfield") is a limited liability company formed in Texas. Under information and belief, Liberty Oilfield's members are from Texas. Liberty Oilfield may be served by serving its registered agent: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.     JURISDICTION AND VENUE

7. The court has jurisdiction pursuant to 28 U.S.C. 1332(a)(1) because this action is between citizens of different states, and, upon information and belief, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

8. Venue is proper in the Western District of Texas, pursuant to 28 U.S.C. 1391(b)(1)-(3), in that it is the judicial district in which Defendant Joseph Pickle resides; it is a judicial district in which Defendant Liberty Oilfield, a Texas limited liability company, is subject to the court's personal jurisdiction with respect to this civil action; and it is the judicial district in which the vehicle which gave rise to the claim is garaged. Upon information and belief, Claimant Defendants also work in the district.

## III.    FACTUAL BACKGROUND

9. On December 4, 2022 at 4:34 a.m., on Highway 128 in Jal, Lea County, New Mexico (on the New Mexico-Texas border), a three-vehicle accident occurred. David Tanner was

driving a 2023 Dodge Ram (VIN: 1CGSRFMT6NN181533) owned by Liberty Oilfield. Upon information and belief, that vehicle was garaged in Midland, Texas. There were three other occupants in the vehicle: Joseph Pickle, Mark Harris, and Curtis Decker. All four individuals are believed to have been working in the Midland-Odessa area at that time.

10. Police Officer Donovan Rowell who drafted the crash report[1] determined that a 2012 GMC Sierra going west on the highway driven by Jonathan Campos ("Campos") crossed over the yellow center line and struck head on the vehicle being driven by Tanner which was going east. The vehicle being driven by Tanner was disabled and slid across the highway and came to a complete stop in a bar ditch. Officer Rowell determined that the driver of the 2012 GMC Sierra, Campos, caused the accident by falling asleep at the wheel due to fatigue. Officer Rowell noted that the occupants of the Tanner vehicle were not wearing their seatbelts at the time of the accident. It is also noted that the roadway was wet due to recent rainfall and that it was dark at the time.

11. The crash report indicates that the Tanner-operated vehicle air bags were deployed. It is unknown the extent of Defendants' injuries and/or medical treatment. It is believed that workers compensation claims have been filed by one or more of the Claimant Defendants. It is also believed that Campos' liability insurance carrier, Nationwide, has paid its policy limit to one or more of the Defendants.

## IV. POLICIES

12. BNIC issued a Business Auto Policy, number ECA 3154676-13, to Liberty Oilfield Services LLC and several other related entities, effective from September 1, 2022 to September 1, 2023 (the "Policy").[2] The Policy was delivered to Liberty Energy Inc. at its Denver, Colorado

---

[1] The crash report is attached as **Exhibit A**.
[2] The Policy is attached as **Exhibit B.**

address and procured by a Colorado insurance agency.[3] The Policy declarations show that symbol 6 "Owned Autos Subject to a Compulsory Uninsured Motorists Law" is applicable to UM/UIM coverage.[4]

13.     On September 1, 2022, the insured's broker Bryce Cornejo sent an email on behalf of the insured to BNIC in which UM/UIM coverage was rejected in writing, stating: "No UM/UIM or Med Pay Coverage on Auto Coverage". Additionally, the insureds confirmed such rejection by signing the UM/UIM rejection forms for various states on December 14, 2022.

## V.     REQUESTS FOR DECLARATORY JUDGMENT

14.     Because the Policy was delivered to first named insured Liberty Energy Inc. at its Denver, Colorado address and it was procured by a Colorado insurance agency, the law of Colorado applies to interpretation of the Policy.

15.     BNIC seeks a declaration that the Policy does not provide UM/UIM coverage because the insured duly rejected such coverage, and as a result, BNIC owes no UM/UIM benefits to Claimant Defendants.

16.     Additionally, BNIC seeks a declaration that the Policy does not provide UM/UIM coverage because UM/UIM covered auto symbol 6 "Owned Autos Subject to a Compulsory Uninsured Motorists Law" provides that there is no UM/UIM coverage for all autos garaged in a state where that state's law allows rejection of UIM coverage. Texas law allows rejection of UIM coverage, and thus, there is no UM/UIM coverage.

17.     Alternatively, BNIC seeks a declaration that any workers' compensation benefits paid to defendants act as a bar or limitation to any underinsured motorist benefits, should the Court rule that underinsured motorist benefits are available.

---

[3] *Id.* at 46.
[4] *Id.*

## VI. CONCLUSION

BNIC requests a judgment from this Court that: the BNIC Policy does not provide UM/UIM coverage or benefits for any defendant except in states it cannot be rejected and for such other relief to which it may be entitled in law or equity.

        Respectfully submitted,

        */s/ Lisa M. Wilson*
        Lisa M. Wilson
        Texas Bar No. 24013767
        Chris Gabriel
        Texas Bar No. 24074237
        WILSON, ELSER, MOSKOWITZ,
            EDELMAN & DICKER LLP
        901 Main Street, Suite 4800
        Dallas, TX 75202
        (214) 698-8000 - Telephone
        (214) 698-1101 - Facsimile
        lisa.wilson@wilsonelser.com
        chris.gabriel@wilsonelser.com

        **COUNSEL FOR PLAINTIFF**
        **BERKLEY NATIONAL**
        **INSURANCE COMPANY**